**BUTLER TOWNSHIP AREA WATER & SEWER AUTHORITY, Plaintiff,**

v.

**Frank SALVATORE, Defendant.**

**Civ. A. No. 78–1149–A.**

United States District Court, W. D. Pennsylvania.

April 3, 1979.

Leo M. Stepanian, Butler, Pa., John E. Lyncheski and James H. McConomy, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

John E. Beard, III, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., Thompson, Hine & Flory, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION

WEBER, Chief Judge.

This action arises out of a provision in a construction contract which reads as follows:

Supplemental General Condition (S.G.C.) 55

*DEFENSE COSTS*—The Owner and the Contractor agree that in the event either of them institutes a lawsuit against the other under this Contract, the plaintiff in such lawsuit shall pay to the defendant a portion of the defense costs, including investigations, engineering fees, attorney's fees, expert witnesses' fees and any other expense of defense which may be incurred. Such portion of the defense costs shall bear the same relation to the total defense costs as the dollar amount of the plaintiff's claims which were not sustained by the court bears to the total dollar amount of the plaintiff's claims. The plaintiff shall pay such portion of the defense costs to the defendant within 30 days after the defendant furnished the plaintiff with an itemized listing of the defense costs incurred.

The present defendant, Frank Salvatore, was the plaintiff in an action brought in this Court against the present plaintiff at Civil Action No. 74–1144, which after trial by jury and consideration of post trial motions, resulted in an entry of judgment for plaintiff against defendant in the amount of $115,672.13. The judgment was affirmed on appeal.

The Authority thereafter brought suit in the Court of Common Pleas of Butler County, which was removed to this Court under diversity jurisdiction, for their legal expenses incurred in the defense of the claim in the amount of $78,499.14. This amount was calculated by the Authority under the formula set forth in the above cited S.G.C. 55 on the grounds that Salvatore's total claim in the suit at Civil Action No. 74–1144 was for a total amount of claim of $4,800,-000. We will discuss the claim later.

Our present concern deals with a Counterclaim asserted in this suit by Salvatore for his defense costs of the Authority's Counterclaim in Civil Action No. 74–1144. The jury in Civil Action No. 74–1144 denied recovery on the Authority's Counterclaim.

We now face a Motion by the plaintiff Authority to dismiss Salvatore's Counterclaim for failure to state a claim.

The Authority's contention is that under the express language of S.G.C. 55, the Authority never "instituted a law suit" against Salvatore by reason of its assertion of a Counterclaim. Counsel have filed big fat briefs with the Court, including reply briefs and answers to reply briefs, citing long lines of authority as to whether or not the assertion of a Counterclaim constitutes the institution of a lawsuit. For some purposes the assertion of a Counterclaim amounts to the institution of a lawsuit in which the defendant becomes a plaintiff and the plaintiff becomes a defendant. For other purposes the filing of a Counterclaim does not constitute the institution of a lawsuit because, among other circumstances, no service of process is required of a Counterclaim but merely the filing and mailing of

the Answer or pleading containing the Counterclaim to the opposing party.

As was the case in most of the authorities cited, we must find our definition of the term "institutes a lawsuit" in the context of the language accompanying it. We find most of these authorities not germane to the problem which we face which is the interpretation of the terms of S.G.C. 55 as applied to this lawsuit.

First we must consider the provisions of F.R.Civ.P. 12(b):

> HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto . . .

Then we must consider F.R.Civ.P. 13(a):

> COMPULSORY COUNTERCLAIMS. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . .

This Rule compels the assertion of such claims at this time under the sanction of being barred from later assertion. We will not consider the question of permissive counterclaims under F.R.Civ.P. 13(b), because no such claim is involved in this case.

In the lawsuit at Civil Action No. 74–1144, plaintiff claimed, among other things, the money which the defendant Authority had retained out of his progress payments. The Authority denied that such retained monies were due to the plaintiff and as an affirmative defense claimed as a set-off the amount of said retainage under a claim of right for plaintiff's breach of the contract.

We do not consider the assertion of the Counterclaim to be "instituting a lawsuit" in the sense of S.G.C. 55. We find that the Arizona Court of Appeals agrees with this view in a case which arose out of a contract provision very similar to the one in question here.

. . . The trial court apparently awarded the fees on the basis that the counterclaim constituted the institution of proceedings to enforce the lease. This counterclaim was for declaratory relief. In essence, it was merely a reassertion of the affirmative defenses set forth in the answer. The defendants prevailed on their counterclaim. Defendants have not provided us with any authority to support the conclusion that this counterclaim falls within the provisions of the lease. As we view it, the counterclaim was no more than a defense to the main action attired in a different form.

*Sullenger v. Shaw*, 20 Ariz.App. 193, 511 P.2d 206 (1973).

We feel that one matter requires discussion at this time. In its complaint in this action the Authority, as Plaintiff in this action, alleges that in the legal action filed by the Defendant at Civil Action No. 74–1144 in this Court the Defendant claimed damages from the Plaintiff in a sum in excess of $4,800,000. The Plaintiff further proceeds in paragraph six of the complaint to itemize this as constituting a claim for $500,000 in Count I, $5,000,000 in Count II, $500,000 in Count III, $100,000 in Count IV and $3,200,000 in Count V. The $3,200,000 figure was arrived at by doubling the total of all the other claims in the prior counts and the $4,800,000 figure, which it uses in its formula, is the total of all of these. Our examination of the Complaint in Civil Action 74–1144 does not support this allegation. Count I admittedly recites a claim for damages in an amount in excess of $500,000 based on damages for delay and interruption in the performance of its contract. Count II repeats the same allegation and claims damages in an amount in excess of $500,000 for breach of express and implied promises not to interfere with, obstruct or hinder plaintiff's performance. Count III repeats the same allegations and demands $500,000 on a cause of action for additional work and changes in the conditions of the original contract. Count IV claims damages in an amount not to exceed $100,000 for monies retained by the Authority out of

the progress payments due for completed work. Count V repeats the same allegations as were contained in the previous counts and asks for punitive damages in twice the amount of actual damages by reason of the outrageous conduct of the Defendant Authority.

It will be seen that the Plaintiff in Civil Action No. 74–1144 was not claiming $4,800,000 but was making claims under alternative causes of action for the same damages.

Under the practice of this Court the pleadings are amended and merged into a final pretrial narrative statement of each party which is then subject to pretrial rulings by the trial judge in the pretrial conference. In the plaintiff's pretrial narrative the total amount of damages which would be claimed and supported by evidence amounted to $491,814. The Defendant Authority's pretrial narrative recited that the Plaintiff contractor's claim was for a total sum of $452,000. As an additional note the opinion of the trial judge on the motion for new trial stated that the total amount of damages for which the Plaintiff presented evidence amounted to $439,120. Thus, in any event, should the Authority prevail it should compute its claim based upon the amount actually claimed by the Plaintiff in the lawsuit and not the weird and unreasonable figure it has arrived at in its calculation set forth in the present complaint.

But the fault is not entirely with the Authority. Plaintiff's complaint in Civil Action No. 74–1144 was apparently drawn by Ohio lawyers unfamiliar with the local rules of this Court. Despite the fact that the Complaint is endorsed with the name of local counsel in accordance with the local rules of this Court it does not conform to the requirements of Local Rule 30 of this Court.

Rule 30: *CLAIM FOR DAMAGES UNLIQUIDATED*

Except for any required jurisdictional allegation of the amount in controversy, a pleading demanding relief for elements of general damages unliquidated in amount shall, without claiming any specific sum, set forth only that money damages are claimed and may specify the categories of damages so claimed.

The reason for our Local Rule requiring the appearance of counsel located in this District is to secure compliance with the requirements of Local Rules.

It is unfortunate that this failure to observe the Local Rules of Court was not immediately identified and corrected. A reason for that may be that the designation sheet filed by the Plaintiff at the time of filing his complaint identified this lawsuit as, "Breach of Contract as to Construction Sanitary Sewage System and Appurtenances." While the Deputy Clerks of this Court are usually alert to the requirements of Local Rule 30 and inform the counsel at the time of filing of such a violation of the rule, the rule is usually not applicable to cases designated as contract because such actions are usually plead in terms of damages liquidated in amount. Thus neither the Clerk nor any of the Judges to which this case was assigned during the course of its pendency in this Court became aware that a specific sum was being demanded for damages which were at that time unliquidated in amount. Neither did the opposing counsel raise this violation at any time although they are fully familiar with the provisions of the Local Rules of this Court. This lapse has given the plaintiff in the present action some excuse to make the assertion at the present time that the contractor was demanding $4,800,000.

We make this observation at this time because it is the policy of this court to prevent the assertion of a claim for large sums of money for unliquidated damages, a practice which serves no useful purpose. It is somewhat related in purpose to the contract provision which supplies the basis for this lawsuit. In future proceedings in this case we will limit the calculation of plaintiff's claims in Civil Action No. 74–1144 to the actual amount sought.

We will accordingly grant Plaintiff's Motion to Dismiss Defendant's Counterclaim in this action. The remaining affirmative de-

**1104**

fenses asserted by Defendant remain for trial.